Paul Castronovo
**CASTRONOVO & McKINNEY, LLC**
18 MacCulloch Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiff
Sandy Fernandez

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDY FERNANDEZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BROWNSTONE HOUSE INC., ALBERT MANZO, and THOMAS MANZO,<br><br>Defendants. | Docket No: 11-3129 (WJM-MF)<br><br>Civil Action<br><br>**AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff, Sandy Fernandez ("Plaintiff"), on behalf of himself and all others similarly situated, through his attorneys, Castronovo & McKinney, LLC, files this Class Action/Collective Action Complaint and Jury Demand seeking compensatory damages, punitive damages, attorneys' fees, and costs of suit from Defendants, The Brownstone House Inc. ("Brownstone House"), Albert Manzo, and Thomas Manzo (collectively, "Defendants") and alleges as follows:

### INTRODUCTION

1. This is an action brought by Plaintiff on his own behalf and others similarly situated alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 201 *et seq.*

3. Venue is proper in this Court as Plaintiff resides in New Jersey and worked for Defendant Brownstone House in Passaic County, New Jersey, and the events giving rise to the claims occurred in this District.

## IDENTIFICATION OF PARTIES

4. Defendant Brownstone House is a private company operating a catering hall at 351 West Broadway, Paterson, New Jersey. Defendant Brownstone House maintains its principal place of business at 351 West Broadway, Paterson, New Jersey.

5. Defendant Brownstone House employs dozens of non-exempt employees.

6. Defendant Albert Manzo is President of Defendant Brownstone House and is personally liable for unpaid wages.

7. Defendant Thomas Manzo is Vice President of Defendant Brownstone House and is personally liable for unpaid wages.

8. Plaintiff currently resides in Paterson, New Jersey.

## DEFENDANTS WILLFULLY FAILED TO PAY OVERTIME

9. At all relevant times, Defendant Brownstone House was Plaintiff's "employer" within the meaning of the FSLA, and, as such, had the power to hire and fire its employees, set their wages, issue W-2 forms, control terms of employment, and maintain records as required by law.

10. Plaintiff worked for Defendant Brownstone House as a Head Waiter from 2005 through May 25, 2011. Plaintiff worked approximately 850 hours of overtime per year and was not compensated by Defendant Brownstone House for the overtime worked.

11. Plaintiff is a non-exempt employee whom Defendant Brownstone House paid by the hour.

12. Defendant Brownstone House required Plaintiff to work in excess of forty (40) hours per week without overtime pay, Defendants were aware of Plaintiff's overtime hours, and Defendant Brownstone House maintained a computerized biometric time-keeping system for Plaintiff and other employees to clock in and out of work.

13. Notwithstanding the hours worked by Plaintiff and the time-keeping system maintained by Defendant Brownstone House, Defendants willfully failed to pay overtime to Plaintiff and other non-exempt employees.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action individually and as class representatives on behalf of himself and all other current and former waiters who, during the class period, worked more than forty (40) hours in any given week without overtime pay.

15. Upon information and belief, at any given time during the class period, Defendant Brownstone House employed dozens of waiters at its Paterson, New Jersey facility. Accordingly, Plaintiff believes, and on this basis alleges, that with attrition and job turnover for other reasons, the class may exceed fifty (50), that the class is so numerous that joinder of all members is impracticable, that there are questions of law or fact common to the class, and that members of the class are similarly situated. Therefore, Plaintiff submits that this class should be certified as a class action.

16. Plaintiff is a proper representative of this class and will fairly and more than adequately represent the class. The class representative's claims are typical of the claims of all members of the class in that all class members allege that they were victims of Defendant Brownstone House's policy, pattern, and/or practice of refusing to pay overtime to waiters working more than forty hours per week.

17. This action should be certified as a class action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individuals members of the class, or adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

18. Questions of law and fact common to the class predominate over any questions affecting individual members because the central issue in this litigation will be the impropriety of Defendant Brownstone House's policy, pattern, and/or practice of refusing to pay overtime to waiters working more than forty hours per week.

19. Proceeding as a class action is also superior to other available methods for the fair and efficient adjudication of the controversy. It will result in enormous savings to both the courts and the class in litigating common issues on a class-wide basis instead of a repetitive, individual basis. Moreover, despite the relatively small size of the individual class members' claims, their aggregate value, coupled with the economies of scale inherent with litigating substantially similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis especially when compared with repetitive individual litigations.

20. The class representative's claims are not subject to any unique defenses nor do any interests of the class representatives in this litigation conflict with the interests of any potential class member.

21. Counsel for the class has experience handling class actions, collective actions and other forms of complex employment and other litigation and will appropriately represent Plaintiff and the class.

22. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA claims of a type that are often and typically prosecuted on a class-wide basis, and the manner of identifying the class and providing monetary relief to it can easily be determined from a review of Defendant Brownstone House's records.

23. Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct

## **FIRST COUNT**

### (Violations of the FLSA, 29 U.S.C. § 201 et seq.)

24. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges the allegations of the preceding paragraphs.

25. Defendant Brownstone House is a covered employer under the FLSA.

26. Defendant Albert Manzo and Defendant Thomas Manzo are corporate officers under the FLSA.

27. Plaintiff was a non-exempt employee of Defendant Brownstone House.

28. Defendants repeatedly violated the FLSA by engaging in a pattern and practice of failing to pay overtime to Plaintiff and other non-exempt employees after they worked in excess of 40 hours per week for Defendant Brownstone House.

29. Defendants' actions were willful, wanton, malicious and in reckless disregard of Plaintiff's rights and all others similarly situated.

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, demands judgment against Defendants as follows: compensatory damages, liquidated damages, punitive damages, reasonable attorneys' fees, pre- and post-judgment interest, costs of suit, and such other relief as the Court deems just and equitable under the circumstances.

**CASTRONOVO & McKINNEY, LLC**

Dated: June 15, 2011                        By:   */s/ Paul Castronovo*
                                                  Paul Castronovo
                                                  Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

**CASTRONOVO & McKINNEY, LLC**

Dated: June 15, 2011                        By:   */s/ Paul Castronovo*
                                                  Paul Castronovo
                                                  Attorneys for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Paul Castronovo as trial counsel in this action.

**CASTRONOVO & McKINNEY, LLC**

Dated: June 15, 2011                        By:   */s/ Paul Castronovo*
                                                  Paul Castronovo
                                                  Attorneys for Plaintiff