NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDY FERNANDEZ, YORDANO BULA, ANGEL COTTY, ERICK BULA, and MICHAEL ANTONIO, | : : : : : |
| Plaintiffs, | : Civil Action No.: 11-3129 (ES) : |
| v. | : MEMORANDUM OPINION & ORDER : |
| THE BROWNSTONE HOUSE INC., ALBERT MANZO, and THOMAS MANZO, | : : : : |
| Defendants. | : : |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on the motion of defendants Brownstone House Inc., Albert Manzo, and Thomas Manzo (collectively, "Defendants") to dismiss plaintiff Michael Antonio's complaint, (D.E. No. 48), and the Court having considered Defendants' submissions and the record in this action, and it appearing that:

1. Plaintiffs Sandy Fernandez ("Fernandez"), Yordana Bula, Angel Cotty ("Cotty"), Erick Bula, and Michael Antonio ("Antonio") (collectively, "Plaintiffs") initially alleged that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (D.E. No. 31). But Fernandez, Yordana Bula, Cotty, and Erick Bula subsequently withdrew their claims against Defendants with prejudice. (D.E. No. 51). Thus, only Antonio's claims remain against Defendants.

2. Antonio became a *pro se* litigant during the course of this action and failed to appear at a Court-ordered hearing. (D.E. Nos. 44 & 46). Specifically, Antonio stopped

communicating with his attorney in August 2012, prompting the Court to relieve the attorney from serving as Antonio's counsel. (D.E. Nos. 36 & 46). Antonio has also failed to produce discovery. (D.E. No. 48-2 ¶ 5).

3. Defendants argue that Antonio's claims should be dismissed under Federal Rule of Civil Procedure 37(d) as a sanction for failing to serve answers to interrogatories and for failing to prosecute this action. (D.E. No. 48-1 at 1). Antonio has not opposed Defendants' motion. Generally, the Court must consider the following six factors, commonly referred to as the *Poulis* factors, before dismissing an action under these circumstances:

> 1) the extent of the nonmoving party's personal responsibility; 2) the prejudice to the moving party caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.

*Clarke v. Nicholson*, 153 F. App'x 69, 72 (3d Cir. 2005) (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)); *see also James Indus., Inc. v. Lexar Corp.*, 60 F. App'x 385, 388 (3d Cir. 2003) (applying *Poulis* factors when affirming dismissal of claims under Federal Rule of Civil Procedure 37). But "not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint." *James Indus.*, 60 F. App'x at 388 (quotations omitted).

4. Here, analysis of the *Poulis* factors supports dismissal of Antonio's claims. Antonio is responsible for failing to provide discovery. To be sure, his former attorney indicated that Antonio received Defendants' interrogatories. (D.E. No. 36 at 4-5). Yet, Antonio has not provided responses thereto. (D.E. No. 48-2 ¶ 5). And Antonio's failure to

cooperate with his attorney ultimately led to his attorney withdrawing representation. (D.E. No. 46). Although required to do so, Antonio has also failed to appear before the Court for a hearing relating to his prosecution of this action. (*See id.*). There seems to be no indication from Antonio that he intends to exchange discovery or prosecute this action. In fact, Antonio has not opposed Defendants' motion to dismiss even though it was properly served upon him. (D.E. No. 48-4). Without discovery, Defendants are unable to adequately defend this matter, and Defendants have already reached settlements with every other former plaintiff in this matter. (D.E. No. 51; D.E. No. 48-1 at 2). The Court finds that, under the facts of this case, no alternative sanction but dismissal is appropriate. *James Indus.*, 60 F. App'x at 388-89 (affirming dismissal under Federal Rule of Civil Procedure 37 and explaining that, "[g]iven [the party's] repeated failures to comply with discovery deadlines, obey court orders, or cooperate with counsel, we decline to conclude that the District Court erred by not specifically evaluating the merits of [the party's claims], particularly given that it considered the other five factors").

Accordingly, the time for filing opposition having expired, and having considered Defendants' submissions and the record in this action, and pursuant to Federal Rule of Civil Procedure 78,

IT IS on this 4th day of February 2014, hereby

**ORDERED** that Defendants' motion, (D.E. No. 48), is GRANTED; and it is further

**ORDERED** that Plaintiff Michael Antonio's claims are DISMISSED in their entirety; and it is further

**ORDERED** that the Clerk of Court shall CLOSE this case.

> */s/ Esther Salas*
> **Esther Salas, U.S.D.J.**